# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY SWIATEK**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 7570 |
| | ) | |
| **BRANDON BABICH**, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

It was more than 2-1/2 months ago that counsel for Anthony Swiatek ("Swiatek") filed a complaint against Brandon Babich ("Babich"), seeking to recover $485,000 in a breach of contract action, with federal subject matter jurisdiction predicated on diversity of citizenship.[1] And consistent with counsel's inattention to the operative rule referred to in n.1, counsel has never complied with the mandate of LR 5.2(f) that a paper copy of that pleading be delivered promptly to the chambers of the judge to whose calendar the case has been assigned.

This Court frequently issues a sua sponte memorandum order after something more than a week has passed without a lawyer's compliance with LR 5.2(f), coupling an order for physical delivery of the missing filing with a $100 fine payable by the noncompliant counsel. In this instance such an order was entered on September 10, 2015, a few days short of two weeks after the Complaint was filed. But that memorandum order was totally ignored by Swiatek's counsel, just as the same counsel had failed to comply with Rule 8(a)(1) (see n.1) and with LR 5.2(f).

---

[1] Swiatek's counsel had simply ignored the mandate of Fed. R. Civ. P. ("Rule") 8(a)(1) that jurisdictional grounds must be included in a complaint's statement of claim, thus leaving it to this Court to provide that missing ingredient.

Instead Swiatek's counsel has let the action lie fallow in terms of any communications to this Court, with the only sign that the case is alive having come from Babich's counsel via a motion for extension of time to file a pleading responsive to the Complaint (a motion that was granted and that necessitated this Court's vacature of the initially scheduled status hearing date of October 28 and the deferral of that status hearing to December 2).

That course of conduct (including the nonpayment of the $100 fine imposed by the September 10 memorandum order) is really not excusable. Accordingly the fine is increased to $300 and must be paid by Swiatek's counsel forthwith. Counsel is also ordered to transmit to this Court (purely as an informational matter and not for filing) a copy of a letter to Swiatek advising him that no reimbursement for the fine will be sought by counsel as part of any billing for fees and expenses.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 16, 2015