IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY SWIATEK,                     )
                                     )
                Plaintiff,           )
                                     )
        v.                           )       Case No. 15 C 7570
                                     )
BRANDON BABICH,                      )
                                     )
                Defendant.           )

## MEMORANDUM ORDER

In an effort to head off a motion by defendant Brandon Babich ("Babich") for a default judgment on Babich's Counterclaim, on December 23 plaintiff-counterdefendant Anthony Swiatek ("Swiatek") filed what purported to be his Answer to Counterclaim, a filing that in turn led Babich to withdraw the motion that he had set for presentment on December 30. That in turn resulted in deleting this case from the December 30 motion call, so that this Court lost the opportunity to apprise the parties of the several respects in which Swiatek's Answer to Counterclaim was flawed. This memorandum order is issued sua sponte to require a do-over by Swiatek's counsel.

To begin with, Swiatek's counsel has totally ignored the requirement of this District Court's LR10.1 that requires a responsive pleading to set out each allegation to which the response is directed before stating the response. That requirement has the obvious purpose of enabling the reader to see what is being responded to without having to flip back and forth between two separate pleadings. Accordingly Swiatek's Answer to Counterclaim is stricken, but

without prejudice to the filing of a replacement pleading that conforms to the requirements of LR10.1.

This Court expresses no merits-related views as to the substantive merits of Swiatek's responses to the Counterclaim, nearly all of which are flat-out denials -- that task will be left to Babich's counsel. Instead Swiatek's counsel must focus on the totally unsatisfactory responses in Answer ¶¶1, 4 and 6, each of which (1) sets out an assertion that has no warrant in any part or subpart of Fed.R.Civ.P. ("Rule") 8(b) and then (2) compounds that error by including a demand for "strict proof," whatever that may mean. In that respect Swiatek's counsel would do well to read and adhere to Appendix ¶1 to this Court's opinion in State Farm Mut. Auto Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

In sum, Swiatek's Answer to Counterclaim is stricken in its entirety, but with leave granted to file a self-contained Amended Answer to Counterclaim on or before January 18, 2016. In addressing that task, Swiatek's counsel ought to take a hard look at each of the Counterclaim's allegations that have been made the subject of outright denials, because a number of those denials appear on their face to be problematic and out of synch with the requirement of objective good faith that is imposed by Rule 11(b) and by the concept of notice pleading that binds parties on both sides of the "v." sign in the federal system.

_____
Milton I. Shadur
Date: January 7, 2016 Senior United States District Judge