# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY SWIATEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 7570 |
| | ) |
| BRANDON BABICH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This diversity-of-citizenship action is a dispute between two collectors of sports memorabilia -- Anthony Swiatek ("Swiatek") and Brandon Babich ("Babich") -- who also engage in the marketing of sports trading cards. Each of them asserts that an accounting of their extensive dealings with each other has left him with an unsatisfied claim: Swiatek asserts that Babich has not lived up to his promise to pay the purchase price of five extraordinarily valuable trading cards obtained by Swiatek at Babich's request (cards personally autographed by hockey star Sidney Crosby during his rookie season and calling for a purchase price of $97,000 each (!!) -- an aggregate price of $485,000), while Babich's Counterclaim, annexed to his Answer denying Swiatek's claim, asserts that Swiatek has not delivered a batch of other unique trading cards priced at $331,605, in addition to which Swiatek assertedly owes Babich $14,675 as the net result of their extensive prior trading.

But the short life of this litigation to date (just under five months) has shown that however sharp an eye Swiatek may have in identifying and ordering valuable trading cards, he has chosen as his law firm what has proved to be a set of major-league scofflaws:[1]

1. Although Swiatek's original August 28, 2015 Complaint ignored the mandate of Fed. R. Civ. P. 8(a)(1) that requires the inclusion of federal jurisdictional grounds in a plaintiff's statement of claim, this Court made no issue of that failure, issuing instead a September 10 memorandum order that (a) directed Swiatek's counsel to comply with still another mandate -- the one imposed by this District Court's LR 5.2(f), which calls for the prompt delivery to this Court's chambers of a paper copy of any court filing -- and (b) consequently ordered the payment of a $100 fine to the Clerk of Court.

2. Swiatek's counsel inexcusably ignored that $100 fine, so that a bit more than two months later this Court was required to issue a November 16 memorandum order that (a) increased the fine to $300, (b) required that it be paid forthwith and (c) ordered Swiatek's counsel "to transmit to this Court (purely as an informational matter and not for filing) a copy of a letter to Swiatek advising him that no reimbursement to the fine will be sought by counsel as part of any billing for fees and expenses."

---

[1] Admittedly the text's figure of speech, which employs a familiar <u>baseball</u>-derived descriptive label to the numerous delinquencies on the part of Swiatek's counsel, represents a mixed metaphor in a dispute that is centered on memorabilia and trading cards involving <u>hockey</u> players. No apologies are in order, though, as the ensuing textual description of the multiple transgressions committed by Swiatek's counsel reveals.

3. Once again Swiatek's counsel flouted <u>that</u> order by further noncompliance. Moreover, his counsel failed to show up at all for the previously-set December 2 status hearing, so that this Court was compelled to issue a minute entry on that date directing Swiatek's counsel to pay for the fees of Babich's counsel attributable to having had to appear in court twice (for on December 2 this Court had to reset the status hearing to December 19).

4. Next Swiatek's counsel shifted to still another area of nonperformance -- they failed to respond to the Counterclaim that Babich's counsel had tendered on November 25, so that Babich's counsel then noticed up a motion for presentment on December 30 seeking a default judgment on that Counterclaim. That motion appeared to awaken Swiatek's counsel from their litigative somnolence -- they belatedly filed what they sought to pass off as an Answer to the Counterclaim, so that counsel for Babich then withdrew his motion for a default judgment on the Counterclaim.

5. That withdrawal, however, cost this Court the opportunity to apprise the parties of the several respects in which Swiatek's Answer was flawed. Hence this Court was required to issue a January 7, 2016 memorandum order that addressed those deficiencies and struck that Answer to Counterclaim, but without prejudice to Swiatek's filing of a self-contained Amended Answer to Counterclaim on or before January 18.

That order finally prompted the filing of such an Amended Answer to Counterclaim on the January 18 due date. But that unfortunately is not the end of the story, for the just-printed-out docket of this action's history continues to reflect that Swiatek's counsel has not paid a dime

toward the previously imposed fine or, so far as this Court knows, the fees of Babich's counsel referred to in Paragraph 3.

This Court is of course well aware that its own signature is scarcely a collector's item -- it has, after all, appeared on its judicial orders thousands of times (to say nothing of the fact that modern science often affixes such signatures electronically rather than manually). But the fact that such signatures are obviously not grist for any signature collectors' mills clearly does not strip them of force. This action therefore is set for a next status hearing at 8:45 a.m. February 5, 2016, at which time one of Swiatek's counsel is ordered to appear in person to show cause why his firm's ongoing and repeated noncompliance should not be met with the imposition of a substantial further sanction. If Babich's counsel prefers to participate in that status hearing telephonically rather than through an in-person appearance, a telephone call to that effect should be made to this Court's courtroom deputy Carol Wing (312-435-5767) to provide her with a telephone number to which she can place a call for that purpose on the status hearing date.

　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　 Milton I. Shadur
　　　　　　　　　　　　　　　　 Senior United States District Judge

Date:  January 22, 2016