**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| ANTHONY SWIATEK, | ) | |
| :--- | :--- | :--- |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-CV-7570 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| BRANDON BABICH | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Brandon Babich moves for summary judgment [74] on all claims alleged against him by Plaintiff, Anthony Swiatek. For the foregoing reasons, Babich's motion for summary judgment is granted.

**Background**

The following facts are undisputed.[1] Swiatek has been engaged in the sports memorabilia business for about fifteen years and considers himself an expert in the area. Swiatek and Babich entered into separate oral agreements for each of the five limited-edition hockey trading cards that Swiatek purchased. The agreed-upon price varied between cards. Swiatek testified that the total purchase price for the five trading cards was $485,000; however, he was unable to identify the specific price agreed to or when the agreements were reached. Swiatek has not attempted to sell four of the trading cards since November 2012. He did post the fifth trading card on eBay with an asking price of $187,000 or the best offer. Swiatek rejected at least two offers that were less than his asking price. Swiatek stated that the trading cards have increased in value beyond the purchase

---

[1] This Court's local rules require a response to the movant's statement of facts and provides that all material facts in the statement "will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b). Plaintiff has expressly waived his response [86] to Defendant's statement and so, the Court accepts all the facts contained therein.

1

price. Swiatek never delivered any of the five trading cards to Babich and still maintains possession of them.

**Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and if done, judgment as a matter of law should be granted in its favor. *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). Failing to make arguments in response to a summary-judgment motion constitutes waiver. *Hassebrock v. Bernhoft*, 815 F.3d 334, 342 (7th Cir. 2016).

**Analysis**

Babich moves this Court to enter summary judgment in his favor for 's breach of contract claim because Swiatek did not raise any evidence of actual damage. Swiatek declined to provide a response to Babich's motion [86].

To make out a claim for breach of contract in Illinois, Swaitek must allege: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010)(citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)). To prevail and recover, a plaintiff must demonstrate actual loss or measurable damages that are derived from the breach in contract. *In re Ill. Bell Tel. Link-Up II*, 2013 IL App (1st) 113349, ¶ 19, 994 N.E.2d 553, 558 (Ill. App. Ct. 2013).

The undisputed facts indicate that Swiatek is still in possession of the trading cards and that their value has increased in value since purchase. Swiatek's only allegation of harm was the significant expense incurred as a result of the purchase; however, given that the assets in question have appreciated, the Court finds that the evidence does not support that Swiatek has been injured by Babich's nonpayment. Thus, Babich is granted summary judgment on Swaitek's claim against him.

**Conclusion**

Based on the foregoing, Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

ENTERED:  SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 8/14/2018